# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TAMERA SWEETON, *on behalf of herself and other members of the putative class,* | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 23-0094-CV-W--BCW |
| WEBMD, LLC., | )<br>)<br>) |
| Defendant. | ) |

## SCHEDULING ORDER FOR CLASS CERTIFICATION

The Court, having reviewed the parties' proposed litigation schedule (Doc. #13) and Federal Rules of Civil Procedure 16(b) and 26(f), hereby establishes the following deadlines in this matter. The parties shall adhere to these deadlines, absent an order from the Court providing for any modification.

1. **TRIAL:** This matter is set for a telephone conference on **March 26, 2024** at **9:30 a.m.** to schedule a trial date and related deadlines. The parties shall submit a joint proposed second phase discovery plan on or before **February 26, 2024**. The proposed second phase scheduling order shall comply with the requirements set forth in the Court's Rule 16 Notice.

2. **MOTION FOR CLASS CERTIFICATION:** Plaintiff shall file any motion for class certification on or before **October 27, 2023**.

3. **MOTIONS TO AMEND PLEADINGS OR ADD PARTIES:** Parties shall amend all pleadings and add any party on or before **July 17, 2023**.

1

4. **DISCOVERY CLOSURE DEADLINE:** All pretrial discovery authorized by the Federal Rules of Civil Procedure and related to Class Discovery shall be completed on or before **September 29, 2023**. ("Closure Date"). All Class Discovery shall be completed, not simply submitted, on or before the Closure Date. Accordingly, discovery requests shall be served and depositions shall be scheduled in a manner that allows sufficient time for completion within the time specified by the Federal Rules of Civil Procedure, the Local Court Rules, and/or orders of this Court. Class Discovery shall not be conducted after the Closure Date, except by order of the Court for good cause shown. Nothing contained herein shall excuse a party from the continuing obligation to update responses to discovery or to respond to discovery requests made before the Closure Date.

5. **CONTACT WITH COURT:** A party seeking a telephone conference for any purpose or information regarding practice in this division shall contact the Courtroom Deputy at Tracy_Diefenbach@mow.uscourts.gov at (816) 512-5376.

6. **DISCOVERY DISPUTE PROCEDURE**: Should any discovery dispute arise, the parties are directed to comply with Local Rule 37.1. Absent full compliance with this rule, the Court will not entertain any discovery motion. A party seeking a telephone conference for discovery purposes shall direct the inquiry to the Courtroom Deputy.

    a. **POSITION LETTER**: At least **three (3) days before** any discovery dispute conference or hearing, counsel for each party shall submit a Position Letter by email to the Courtroom Deputy. All Position Letters will be kept confidential.

i. **The Position Letter must not exceed one (1) page and shall not include any attachments or exhibits. The Position Letter should be typed in 12-point Arial font and have one-inch margins.**
   ii. The Position Letter shall describe the underlying facts of the dispute, the party's arguments relative to the dispute, and a discussion of the opposing party's anticipated arguments.
  b. To ensure candor, the Position Letter shall <u>not</u> be filed with the Court nor shared with opposing counsel; rather, each letter shall be send to the Courtroom Deputy by PDF email attachment.

7. **MOTIONS TO DEPART FROM RULES:** The following motions shall be filed at least **three (3) days before** the deadline established the Federal Rules of Civil Procedure or Local Rules:

  c. **Motion for Extension of Time (Fed. R. Civ. P. 6, 31, 33, 34, 36)** A motion for extension of time shall include:
     i. the date when the pleading, response, or other action is/was first due;
     ii. the number of previous extensions and the date the last extension expires;
     iii. the cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and
     iv. whether opposing counsel consents or objects to the requested extension. Note: lack of objection from opposing counsel is not binding on the Court.
  d. **Motion to Exceed the Page Limit (Local Rules 7.0, 56)** A motion to exceed the page limitation shall include:

      i. the number of previous requests for leave to exceed the page limits throughout the course of the litigation;

     ii. the particular reason for the request for leave, including why the action due cannot be completed within the allotted page limit; and

   iii. whether opposing counsel consents or objects to the requested extension. Note: lack of objection from opposing counsel is not binding on the Court.

IT IS SO ORDERED.

DATED: <u>April 5, 2023</u>

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT